IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ED WASNIOWSKI and JUSTIN ROBERTS,

    Plaintiffs,

  v.

JEANNINE DAVILA,

    Defendant.
  _____/

No. C 16-03251 WHA

**ORDER REMANDING ACTION TO STATE COURT**

## INTRODUCTION

In this removed unlawful detainer action, plaintiff moves to remand the action to state court. For the reasons stated herein, plaintiffs' motion to remand is **GRANTED**.

## STATEMENT

Plaintiffs Ed Wasniowski and Justin Roberts brought an action for unlawful detainer in Contra Costa Superior Court against defendant Jeannine Davila in June 2016. Plaintiffs' sole claim was for unlawful detainer under state law to obtain possession of a recently foreclosed residential real property at 51 Freemark Court, Oakley, CA 94561. Plaintiffs came into possession of this property through a trustee sale. The complaint alleges that defendant owes plaintiffs: (1) restitution, (2) damages at the rate of $70 per day from January 24, 2016, for each day that defendant continues in possession of the property, and (3) costs herein, attorney's fees, and further relief as is proper.

Defendant's adult children, Nico, Alec, and Celine Davila, are interested parties who live with and pay rent to their mother at 51 Freemark Court. Defendant's children never sought leave to intervene pursuant to Section 387 of the California Code of Civil Procedure, so the state court never granted intervention. Nevertheless, with defendant's consent, her adult children lodged a notice of removal and a motion to proceed *in forma pauperis* in federal district court in an attempt to remove the action to federal court.

In the notice of removal, defendant's adult children argued that removal was proper based on federal-question jurisdiction because the unlawful detainer violated their rights under the United States Constitution and the Fair Credit Reporting Act. According to them, the alleged federal rights violations stemmed from the following language in the three-day notice to quit issued during the eviction proceeding: "[I]f you do not respond within five (5) days of receiving the [unlawful detainer] papers, even if you are not named in the papers, you will likely lose any rights you may have. In some cases, you can respond without hurting your credit" (Notice of Removal ¶¶ 2–3).

Two days after receiving this notice of removal, plaintiffs moved to remand the action to state court. Defendant's opposition to remand followed. In the opposition, rather than explain how the language in the three-day notice to quit was unconstitutional, defendant raised a new argument that the state statute governing the three-day notice to quit is discriminatory against Hispanics.

On July 5, 2016, defendant filed a counterclaim and third-party complaint against various state court officials with whom defendant interacted during the course of the unlawful detainer proceedings. The counterclaim alleges various constitutional violations, stating that plaintiffs in the unlawful detainer action and various state court officials treated defendant and her adult children differently because they are Hispanic. Finally, on July 11, defendant and her adult children filed a motion for a TRO (which requires subject-matter jurisdiction) against plaintiffs to halt the eviction. This order addresses the motion to remand and follows full briefing and oral argument.

2

**ANALYSIS**

**1.   REMOVAL UNDER 28 U.S.C. 1441(A).**

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a). The strong presumption against removal jurisdiction means that the defendant bears the burden of establishing proper removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Under the "well-pleaded complaint" rule, federal-question jurisdiction exists only where the federal question appears on the face of the complaint. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, the relevant inquiry for making this jurisdictional determination is to examine the specific claims made by plaintiff and decide if they are under federal or state law. Indeed, jurisdiction under 28 U.S.C. 1331, "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). *More importantly for this motion, the "well-pleaded complaint" rule does not allow a defense or counterclaim to confer jurisdiction. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831–32 (2002).

Plaintiffs move to remand on the grounds that their complaint for unlawful detainer contains no basis for the exercise of federal-question jurisdiction and that defendant's federal defense does not provide a basis for the exercise of removal jurisdiction either. This order agrees.

Here, the face of the complaint asserts only a state law claim for unlawful detainer. An unlawful detainer action arises purely under state law and therefore cannot provide grounds for removal. *See Equity Residential Mgmt., LLC v. Parker*, 2016 WL 3004817, at *1 (N.D. Cal. May 3, 2016) (Judge Maria-Elena James). Defendant asserts the unconstitutionality of Section 1161c of the California Civil Procedure Code, which governs the three-day notice to quit used for an unlawful detainer following a foreclosure. This fails to cure the problem.

"A federal law defense to a state law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's

3

complaint." *Valles v. Ivey Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Thus, the counterclaim challenging the constitutionality of the state statute, even if a valid challenge, cannot confer subject-matter jurisdiction because it did not arise from plaintiff's initial cause of action for unlawful detainer. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). Accordingly, removal in this case was improper. Furthermore, there is a serious question as to whether defendant ever filed a proper notice for removal so as to interrupt the State court's jurisdiction. Nevertheless, out of caution this order will remand the action to make sure the proceedings continue in State court.

    **2.**    **REMOVAL UNDER 28 U.S.C. 1443(1).**

Section 1443(1) of Title 28 of the United States Code entitles a defendant to remove based on a limited set of federal defenses. A successful petition for removal under Section 1443(1) must satisfy a two-part test. "First, the petitioners must assert, as a defense . . . rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Ibid.*

Defendant invoked Section 1443(1) for the first time in her opposition to remand but failed to identify any state statute or constitutional provision that purports to command the state courts to ignore her federal rights. The challenged state law, Section 1161c, is merely a notice requirement. It contains no facially discriminatory language and it does not deny any federally protected right. A theory that Section 1161c disproportionately hurts Hispanics does not satisfy the second prong of the two-part test and therefore defendant lacked any basis for removal. Thus, the action must be remanded.

**CONCLUSION**

For the reasons stated above, plaintiffs' motion to remand is **GRANTED**. The Clerk shall remand this action to the Superior Court for Contra Costa County.

**IT IS SO ORDERED.**

Dated: July 12, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5